## No. 2460.

## Ex parte Oscar Dick.

Practice in the Court of Appeals—Statement of Facts.—The approval of the trial judge is essential to the proper authentication of a statement of facts, and unless the approval of said judge, attested by his signature, is made to appear in the transcript on appeal, a paper purporting to be a statement of the facts proved on the trial, although it be signed by all counsel as an agreed statement, will not be considered by this court.

Habeas Corpus on appeal from the county court of Rains. Tried below before the Hon. W. M. Lamb, county judge.

The applicant being held under a warrant charging him with the violation of the "local option" law, sought his discharge by the writ of habeas corpus. This being refused, he appealed to this court. The transcript brings up no sufficient statement of the facts.

*Harris & Milam*, for the relator.

*W. L. Davidson*, Assistant Attorney General, for the State.

Hurt, Judge. The applicant (appellant here) was arrested under a capias for violating the local option law in precinct number one, Rains county. He sued out a writ of habeas corpus before W. M. Lamb, county judge of said county, and upon a

hearing was remanded to custody; from which order and the judgment thereon he appeals to this court.

He alleges numerous reasons why said local option election should be held void. None of the grounds relied upon can be considered in the absence of a statement of facts. That which purports to be a statement of the facts of the case is agreed to by counsel for applicant and the State, but is not approved by the judge who tried the case. A statement of facts may be agreed to by counsel, but, to be a legal statement, it must be approved by the presiding judge.

There being no ruling of the court in the record which can be revised by this court without a statement of facts, the judgment must be affirmed.

*Affirmed.*

Opinion delivered February 25, 1888.